**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WALTER BAMACA PEREZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARKWAYNE MULLIN,** Secretary of the | § | |
| Department of Homeland Security; | § | |
| **PAMELA BONDI,** U.S. Attorney General; | § | **EP-25-CV-00702-DCG** |
| **TODD LYONS,** Acting Director of U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| **MARY DE ANDA-YBARRA,** El Paso | § | |
| Field Office Director, U.S. Immigration and | § | |
| Customs Enforcement; and **WARDEN**, ERO | § | |
| El Paso Camp East Montana, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER FOR PARTIES TO NOTIFY COURT IF**
**GOVERNMENT ORDERS PETITIONER REMOVED**

Walter Bamaca Perez ("Petitioner") challenges his detention under 28 U.S.C. § 2241.[1]

The docket presently indicates that the Government has not issued an order of removal against

Petitioner.[2] The Court recognizes, however, that the Government might have issued an order of

removal against Petitioner after the parties completed their briefing on the Petition. If so, a

different analytical framework may apply.[3] The Court thus depends on the parties to promptly

---

[1] *See generally* Pet., ECF No. 1.

[2] *Compare id*. at 10 (suggesting that removal proceedings are ongoing) *with* Resp., ECF No. 3, at 1 (stating that Petitioner is detained pending "'full' removal proceedings").

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

file a notice if the Government enters an order of removal against Petitioner. Otherwise, the

Court will evaluate the Petition under the assumption that no such order exists.

If any party becomes aware that (1) the Government has issued an order of removal

against Petitioner; and/or (2) that order of removal has become final,[4] that party **SHALL**

**INFORM** the Court **AS SOON AS POSSIBLE**.

Finally, now that Markwayne Mullin has succeeded Kristi Noem as the Secretary of the

Department of Homeland Security, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE**

Secretary Mullin in Former Secretary Noem's place as a Respondent in the above-captioned

case.[5]

**So ORDERED and SIGNED this 30th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[5] *Compare* Pet. at 7 ("Respondent Kristi Noem is sued in her official capacity . . . ."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").