**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WALTER BAMACA PEREZ,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MARKWAYNE MULLIN,** *Secretary of the Department of Homeland Security*;<br>**TODD BLANCHE,** *Attorney General of the United States*;<br>**DAVID VENTURELLA,** *Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**MARY DE ANDA-YBARRA,** *El Paso Field Office Director, U.S. Immigration and Customs Enforcement*; **and**<br>**WARDEN,** *ERO El Paso Camp East Montana*,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-25-CV-00702-DCG** |

**ORDER REGARDING COMMUNICATION FROM NON-PARTY**

The following Order addresses an email that Petitioner Walter Bamaca Perez's partner (Romalyn Torres) sent to court personnel.

## I. BACKGROUND

On August 27, 2026, Ms. Torres emailed the following message to the undersigned Judge's Courtroom Deputy:

> My name is Romalyn Torres, and I am the partner of the petitioner in Case No. 3:25-CV-00702 before Senior Judge David C. Guaderrama.
>
> I am respectfully writing to ask if there has been any procedural update regarding the petitioner's case.

> The petitioner asked his attorney to request expedited consideration because of our family's circumstances. However, despite our attempts to contact the attorney, we have not received a response, so we are unable to confirm whether the request for expedited consideration was filed or whether there has been any update.
>
> I also attempted to contact the clerk's office by telephone but was unable to reach anyone.
>
> Our family is experiencing significant hardship because of the continued separation. Our daughter has autism and has been missing important therapy and support because of the petitioner's absence. This situation has been very difficult for her and for our family, which is why we are respectfully hoping that the Court may be able to consider the matter as soon as the Court's schedule permits.
>
> I completely understand that your office cannot discuss the merits of the case or indicate how the Court may rule. I am only respectfully asking whether there is any procedural update regarding the case or whether a request for expedited consideration has been filed.
>
> Thank you very much for your time and assistance. I sincerely appreciate your consideration and any information you are able to provide.

Notably, Ms. Torres isn't a party to this case.[1] Equally notably, Ms. Torres didn't copy Respondents' counsel (or, for that matter, Petitioner's counsel) on her email.

## II. DISCUSSION

### A. The Court Cannot Consider or Respond to Ms. Torres's Email

The Code of Conduct for United States Judges provides (with certain exceptions) that "a judge should not initiate, permit, or consider . . . communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."[2] The Code further requires a judge to "make reasonable efforts to ensure that law clerks and other court

---

[1] *See, e.g.*, Pet., ECF No. 1, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4); *see also infra* notes 7–9 and accompanying text (analyzing one of the exceptions to that rule).

personnel comply with" that prohibition.[3] "Court personnel" includes the undersigned Judge's Courtroom Deputy, who received Ms. Torres's email.[4]

Applying those ethical principles here, Ms. Torres's email "concern[s] a pending . . . matter" (namely, the above-captioned habeas case).[5] And because Ms. Torres didn't copy either side's counsel on her email, her communication was "made outside the presence of the parties [and] their lawyers."[6] The Code of Conduct therefore forbids the Court from considering and directly responding to Ms. Torres's message unless some exception to that ethical prohibition applies.

The Code of Conduct enumerates four exceptions to the rule against communicating with the Court outside the parties' presence, but only one of those exceptions is potentially applicable here.[7] "[W]hen circumstances require it," a court may "permit ex parte communication for scheduling, administrative, or emergency purposes" so long as:

(1) "the ex parte communication does not address substantive matters;" and

(2) "the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication."[8]

---

[3] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4) cmt.

[4] *Cf. Hollywood v. Carrows Cal. Fam. Rests.*, No. 2:18-cv-02098, 2019 WL 6178807, at *20 (C.D. Cal. Sept. 17, 2019) (recounting that a *pro se* litigant had "engaged in improper ex parte communications[] in violation of" the court's local rule governing communications with judges by "copying the Courtroom Deputy Clerk on e-mails directed to defense counsel that were not properly directed to court personnel and of frequently contacting the Courtroom Deputy Clerk in a manner that violated" the local rule).

[5] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[6] *See id.*

[7] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[8] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(b).

There are several reasons why that exception doesn't apply here, but it suffices to say that the Court isn't convinced that "circumstances require[d]" Ms. Torres to communicate directly with court personnel about Petitioner's case without copying Respondents' counsel.[9] Thus, Ms. Torres's email isn't exempt from the Code of Conduct's prohibitions—which means that the Code prohibits the Court from considering or responding directly to it.

### B. The Court Will Grant Ms. Torres Remote Electronic Access to the Case Docket

What the Court *can* do, however, is give Ms. Torres remote electronic access to the full case docket.[10] Ordinarily, members of the public may only access the full docket of an immigration detention case in person at the courthouse.[11] But the Court can modify that rule by court order.[12]

The Court will therefore exercise that authority to give Ms. Torres remote electronic access to the full docket of Petitioner's case. That way, she can inform herself of this case's status, including whether Petitioner's attorney filed a request for expedited consideration of his Petition (as Petitioner reportedly requested).[13]

---

[9] *See id.* ("*[W]hen circumstances require it*, [the Court may] permit ex parte communication for scheduling, administrative, or emergency purposes . . . ." (emphasis added)).

[10] *See* Order Regarding Communication from Non-Party at 1–3, *Guzman Castillo v. Warden*, No. 3:26-CV-00355 (W.D. Tex. Apr. 9, 2026), ECF No. 8 [hereinafter *Guzman Castillo* Order] (similarly granting an interested non-party remote electronic access to the full docket of an immigration habeas case).

[11] *See* FED. R. CIV. P. 5.2(c) ("[I]n an action or proceeding relating to . . . immigration . . . detention, access to an electronic file is authorized as follows: (1) the parties and their attorneys may have remote access to any part of the case file, including the administrative record; (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to: (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.").

[12] *See id.* ("Unless the court orders otherwise . . . .").

[13] *See supra* Section I.

### C. The Court Will Notify the Parties of Ms. Torres's Communication and Afford Them a Chance to Respond

The Code of Conduct further provides that "[i]f a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should:"

(1) "promptly notify the parties of the subject matter of the communication;" and

(2) "allow the parties an opportunity to respond, if requested."[14]

The Court isn't convinced that Ms. Torres's communication triggers that obligation. For one thing, her email doesn't "bear[] on the *substance*" of Petitioner's claims—it instead bears on the case's *procedural status*.[15] Additionally, because Ms. Torres isn't a party to this case, it's not clear that her email qualifies as an "unauthorized ex parte communication" under the Code.[16]

Nevertheless, out of an abundance of caution—and in keeping with the Code's spirit of disclosure—the Court will notify the parties of Ms. Torres's communication and give them an opportunity to respond.[17] The Court has already done the former by reprinting Ms. Torres's

---

[14] CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

[15] *See id.* (emphasis added); *see also supra* Section I (recounting that Ms. Torres's email asked "whether there is any procedural update regarding the case or whether a request for expedited consideration has been filed").

[16] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4).

*See also Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "ex parte communication" as "[a] communication between *counsel or a party* and the court when opposing counsel or party is not present" (emphasis added)); *cf. Guzman Castillo* Order at 3 (explaining that the Court didn't consider an email from a Senator's office "to be an 'unauthorized ex parte communication' within the meaning of" the Code because the Senator wasn't "a party to th[e] case").

[17] *See Guzman Castillo* Order at 3 (doing the same thing in a comparable circumstance).

email in full above.[18] And the Court will do the latter below by setting a deadline by which the parties may respond to Ms. Torres's communication.[19]

Neither side's attorney is *required* to respond to Ms. Torres's email, however. Regardless of whether either or both parties respond, the Court doesn't presently intend to take any further action on Ms. Torres's communication.

## III. CONCLUSION

Thus, notwithstanding Federal Rule of Civil Procedure 5.2(c)'s usual rule that non-parties may only "have electronic access to the full record" of an immigration detention case "at the courthouse,"[20] the Clerk of Court **SHALL GRANT** Ms. Romalyn Torres remote electronic access to the full docket in the above-captioned case.

To comply with the Judiciary's Code of Conduct, the Court will **TAKE NO FURTHER ACTION** on Ms. Torres's communication with the Court.

If the parties wish to respond to that communication, they may do so by **October 1, 2026**. Any such response must be filed on the public docket, with a copy sent to Ms. Torres. But neither side is required to file any such response.

To avoid potential violations of the Code of Conduct going forward, the Court respectfully **DISCOURAGES** Ms. Torres from sending further communications directly to the Court or its employees—especially without copying the attorneys for both sides.

---

[18] *See supra* Section I.

[19] *See infra* Section III.

[20] *See* FED. R. CIV. P. 5.2(c)(2); *see also supra* note 11 and accompanying text.

The Court will rule on Petitioner's "Verified Petition for a Writ of Habeas Corpus" (ECF No. 1) in due course, as its extremely heavy caseload permits.[21]

The Clerk of Court **SHALL SUBSTITUTE** the named Respondents in this case as follows:

(1) substitute Attorney General Todd Blanche for Former Attorney General Pamela Bondi; and

(2) substitute David Venturella, as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, for Former Acting Director Todd M. Lyons.[22]

The Clerk of Court **SHALL EMAIL** this Order to Ms. Romalyn Torres at wryshly@icloud.com.

**So ORDERED and SIGNED this 10th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[21] *See, e.g.*, *Valle Cerna v. Warden*, No. 3:26-CV-01338, 2026 WL 2546664, at *8 (W.D. Tex. Aug. 27, 2026) (Guaderrama, J.) (explaining that "[t]he undersigned Judge has received over 230 immigration habeas petitions since June 2025," over 90 of which remain pending as of the date of this Order).

[22] *Compare* Pet. at 7–8 (indicating that Petitioner was suing both of those Respondents in their official capacities), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").